IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE FLOYD FULLER, SR.,

                    Plaintiff,

          v.                              CASE NO. 08-3203-SAC

FRANK DENNING, et al.,

                    Defendants.


                      O R D E R

     This matter is before the court on a pro se complaint filed
under 42 U.S.C. § 1983 while plaintiff was confined as a pretrial
detainee in the Johnson County Adult Detention Center (JCADC) in
Olathe, Kansas.[1]  Also before the court is plaintiff's motion for
leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     *In Forma Pauperis, 28 U.S.C. § 1915*

     Court records establish that plaintiff is a "three strike"
litigant for the purpose of 28 U.S.C. § 1915(g) which provides:  "In
no event shall a prisoner bring a civil action or appeal a judgment
in a civil action or proceeding under this section if the prisoner
has, on 3 or more prior occasions, while incarcerated or detained in
any facility, brought an action or appeal in a court of the United
States that was dismissed on the grounds that it is frivolous,
malicious, or fails to state a claim upon which relief may be

_____

     [1]Plaintiff also asserts jurisdiction under 28 U.S.C. § 2241,
but habeas corpus jurisdiction under § 2241 would not be appropriate
for consideration of a pretrial detainee's allegations of
constitutional error in the conditions of his pretrial confinement.

granted, unless the prisoner is under imminent danger of serious physical injury." Accordingly, to avoid this statutory bar and obtain leave to proceed in forma pauperis, plaintiff must demonstrate he is "under imminent danger of serious physical injury."

In this case, plaintiff seeks damages and injunctive relief on allegations that the air quality at JCADC is so compromised that he is suffering from nose bleeds, headaches, watery eyes, and dust and lint in his mucus. Plaintiff claims the ventilation system has never been cleaned for the twenty year life of the building, and contends the concerns he raised in 2004 about the safety of a ventilation system in a Johnson County facility[2] have still not been addressed. Plaintiff cites his use of two breathing inhalers, and states he has difficulty breathing and uses two inhalers because his chest hurts due to dust and lint in his respiratory track.

In plaintiff's 2004 case, the Tenth Circuit Court of Appeals held that plaintiff's assertion of breathing difficulties exacerbated by the ventilation system were sufficient to facially satisfy the threshold requirement of showing he was "in imminent danger of serious physical injury" for the purpose of avoiding the "3-strike" provision in 28 U.S.C. § 1915(g). Fuller v. Myers, 123 Fed.Appx 365, 2005 WL 408063 (10th Cir. 2005). Accordingly, given the similar to identical allegations asserted by plaintiff in the

---

[2]Plaintiff references a case he filed in 2004 seeking relief on the same or similar allegations involving air quality during his confinement in a particular Johnson County facility, the Fred Allenbrand Correctional Facility in New Century, Kansas. See Fuller v. Myers, Case No. 04-3162-SAC (dismissed without prejudice June 14, 2005), appeal dismissed (10th Cir. November 9, 2005).

instant case, the court grants plaintiff provisional leave to proceed in forma pauperis in this matter.[3]

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action.  Plaintiff may pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1), and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2).  Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[4] the court assesses no initial partial filing fee in this matter.  Once these prior fee obligations have been satisfied, however, plaintiff is obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*28 U.S.C. § 1915A Screening*

Because plaintiff is a "prisoner" as defined by 28 U.S.C. §

_____

[3]See Fuller v. Myers, 123 Fed.Appx 365, 2005 WL 408063 **2 (10th Cir. 2005)(if the district court should order service of process, any defendant served with such process "[would be] permitted to mount a factual challenge, based on full development of the facts, to the district court's provisional determination on the face of the complaint that Fuller satisfies the 'imminent danger' element").

[4]*See* Fuller v. Green, Case No. 03-3183-GTV ($150.00 district court filing fee); Fuller v. Turnbo, Case No. 03-3192-GTV ($150.00 district court filing fee *and* $105.00 appellate filing fee); Fuller v. Unified Gov. of Wyandotte Co., Case No. 03-3229-GTV ($150.00 district court filing *and* $105.00 appellate filing fee); Fuller v. Unified Gov. of Wyandotte Co., Case No. 03-3243 ($150.00 district court filing *and* $105.00 appellate filing fee); Fuller v. Wilcox, 08-3065-SAC ($455.00 appellate filing fee).

1915(h),[5] the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).  A plaintiff must also provide facts to establish each defendant's personal participation in the alleged deprivation of plaintiff's constitutional rights.  Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996).  Although a pro se litigant's pleadings are to be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), plaintiff retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  See also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face"); Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying Twombly standard for dismissing a

---

[5]28 U.S.C. § 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

complaint as stating no claim for relief).

"Under the Fourteenth Amendment's due process clause, pretrial detainees ... are entitled to the same degree of protection as that afforded convicted inmates under the Eighth Amendment." <u>Frohmader v. Wayne</u>, 958 F.2d 1024, 1028 (10th Cir. 1992).  Thus a "deliberate indifference" standard applies to a pretrial detainee's claim of exposure to an environmental hazard or inadequate medical treatment while he was in jail.

In the present case, plaintiff asserts a single claim that defendants' disregard of identified dangers in the facility's ventilation system constitutes an environmental hazard that unlawfully subjects him to imminent danger in violation of plaintiff's rights under the Fourteenth Amendment.  The two defendants named in the complaint are Frank Denning as the Johnson County Sheriff, and Bob Guyer as the Maintenance Supervisor for the Johnson County Jail.  Plaintiff documents inmate communication forms he submitted in May and July of 2008, generally complaining that he is not being given an inhaler for his breathing problems, and that the ventilation system needs cleaning and is causing him physical discomfort.[6]  Having reviewed the record, the court finds the complaint is subject to being summarily dismissed because plaintiff's allegations are insufficient to state an actionable claim under 42 U.S.C. § 1983.

A two-prong test requiring objective and subjective findings is

---

[6]Responses to these inmate forms direct plaintiff to contact medical staff for medical problems, and note plaintiff's noncompliance with requirements for ordering and dispensing treatment.  They also state  the ventilation system was checked by maintenance staff and found to be acceptable.

applied to determine whether prison officials violated the Eighth Amendment.   <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). Even if the court were to assume plaintiff's breathing problems were serious enough to satisfy the requirement that plaintiff demonstrate an objectively serious harm, plaintiff's allegations fail to plausibly establish the necessary subjective finding that either defendant acted with deliberate indifference to plaintiff's health or safety.

Plaintiff's reliance on his 2004 action provides no factual basis for finding either defendant acted with deliberate indifference to plaintiff's complaints about the ventilation system at the JCADC in Olathe, Kansas.   The 2004 complaint was dismissed with no decision on the merits of plaintiff's claims, and plaintiff's allegations in that action concerned his confinement in a different Johnson County facility in New Century, Kansas. Additionally, plaintiff's allegations encompass no personal participation by either defendant in the medical care provided or denied plaintiff in response to his complaints of breathing difficulties, but even if such participation could be established, plaintiff's resistence to complying with medical staff requests for examination to determine plaintiff's medical needs and/or for the release of plaintiff's medical records significantly undermines plaintiff's ability to establish deliberate indifference by either defendant.

*Notice and Show Cause Order to Plaintiff*

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.   *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligations have been fully satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 31st day of March 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge